UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>v.<br><br>RENTGROW, INC.,<br><br>    Defendant. | Case No. 2:23-cv-00860-ART-EJY<br><br>**ORDER** |

Before the Court is Plaintiff's Motion for Leave to Proceed under a Pseudonym or, in the Alternative, for Entry of a Protective Order. ECF No. 4. The Court considered the Motion, Defendant's Response (ECF No. 10), and Plaintiff's Reply (ECF No. 11).

**I.  BACKGROUND**

Plaintiff brings suit under the Fair Credit Reporting Act ("FCRA") alleging that Defendant published an inaccurate tenant screening report to Plaintiff's prospective landlord who subsequently denied Plaintiff's housing application. ECF No. 1 ¶¶ 1-3, 5. Plaintiff argues that by including his expunged conviction in the report, Defendant is liable for the harm incurred when Plaintiff's housing application was denied. *Id.* ¶¶ 3-4, 10. Plaintiff accuses Defendant of failing to ensure its reporting was accurate or conduct the investigation required under the FCRA. *Id.* ¶¶ 6-9.

In the instant Motion Plaintiff requests the Court grant him leave to proceed under a pseudonym or, in the alternative, enter a protective order requiring any reference to his personally identifying information be filed under seal. ECF No. 4 at 1-2. Plaintiff argues that because his arrest was expunged effectively erasing it from Plaintiff's past, revealing Plaintiff's identity would render his expungement meaningless. *Id.* at 5. Plaintiff says denial of his Motion would result in linking his name to a newly created public record concerning his criminal conviction. *Id.* Plaintiff says the potential harm from linking his name is "near-certain and severe." *Id.* Plaintiff contends there is no significant public interest in the revelation of Plaintiff's identity and predicts that if the Court does not protect Plaintiff's identity in these circumstances, it could have a "chilling effect" on future

efforts by consumers to remedy the improper reporting of expunged criminal records. *Id.* at 6-7. Finally, Plaintiff argues that Defendant will suffer no prejudice if Plaintiff is permitted to proceed anonymously. *Id.* at 7-8.

Defendant responds arguing the desire to keep expunged criminal proceedings secret is not a sufficient basis for a civil litigant to proceed anonymously. ECF No. 10 at 2. Defendant asserts that involvement in a property crime does not warrant an order for anonymity unlike other more sensitive crimes. *Id.* at 4. Defendant argues that if Plaintiff is allowed to litigate this case anonymously, Defendant's ability to conduct discovery will be hampered, and an eventual jury could be given the impression that there is some merit to Plaintiff's claims of intangible harm. *Id.* Defendant asks that the Court also deny Plaintiff's alternative request for the entry of a protective order because such an order would be futile. *Id.* Defendant reasons that if Plaintiff's name is revealed and placed in the caption of the case, there will be no point in issuing a protective order because Plaintiff's Complaint has been filed on the public docket. *Id.* Moreover, Defendant argues that Plaintiff does not present sufficient grounds for his privacy interests to outweigh the policy favoring the ability of the public to view court filings. *Id.* at 5.

In his Reply, Plaintiff reiterates that the entire point of the law under which Plaintiff's conviction was expunged was to erase the adjudication from his record. ECF No. 11 at 4. Hence, by law, Plaintiff says the conviction never existed, and its inclusion on Plaintiff's tenant screening report is blatantly untrue and directly prejudices Plaintiff's employment and housing opportunities, as well as his general reputation. *Id.* at 4-5. Plaintiff complains that the case numbers, specific descriptions of the violations, and other identifying information relating to the records will necessarily become part of the public record as this litigation moves forward. *Id.* at 5. Plaintiff argues that Defendant's statements that it will be prejudiced if Plaintiff proceeds anonymously—difficulty conducting discovery and a possible adverse presumption on the part of an eventual jury—are nonsensical and devoid of legal support. *Id.* at 6. Regarding his alternative request for the entry of a protective order, Plaintiff argues that such an order would not be futile because the Court could fashion a protective order in such a way to shield Plaintiff's identity from being linked to the underlying expunged record. *Id.* at 8-9.

## II. DISCUSSION

Federal Rule of Civil Procedure 10(a) states that a "complaint must name all the parties." This Rule provides the basis for the general presumption that plaintiffs in a civil case must proceed under their legal names. *Does I through XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). However, "when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing that party's identity," a plaintiff may proceed using a pseudonym. *Id.* Scenarios in which pseudonyms may be appropriate include protecting a plaintiff from retaliation, threats to a plaintiff's safety, or preventing prosecution through the disclosure of involvement in an unlawful activity. *Id.* In addition, allowing a plaintiff to proceed anonymously may be appropriate where doing so "is necessary … to protect a person from harassment, injury, ridicule or personal embarrassment." *Id*. Here, Plaintiff's request to proceed anonymously is based on potential injury.

District courts have broad discretion to determine whether a plaintiff may proceed anonymously. *Id.* at 1068. The Ninth Circuit does not apply a uniform set of considerations when evaluating a plaintiff's request to proceed anonymously, but generally "balance[s] the severity of emotional distress or mental injury the plaintiff appears likely to suffer against the unfairness or prejudice that defendant will suffer if plaintiff is allowed to proceed anonymously, and the public's interest in knowing the identities of all litigants." *Doe v. JBF RAK LLC*, Case No. 2:14-cv-00979-RFB-GWF, 2014 WL 5286512, at *4 (D. Nev. Oct. 15, 2014).

While the Court understands Plaintiff's motivation in this case, his speculation concerning potential adverse economic consequences is not sufficient to outweigh the public interest in knowing a party's identity who is engaging in civil litigation. *See Doe v. Bergstrom*, 315 Fed. Appx. 656, 657, (9th Cir. 2009) (finding that potential difficulties in finding employment do not implicate the highly intimate, personal information standard to proceed anonymously). The possible ramifications of revealing Plaintiff's prior expungement of his conviction do not serve as sufficient bases to support allowing Plaintiff to proceed under a pseudonym. *See Doe v. U.S. Healthworks, Inc.*, Case No.: CV 15-05689 SJO (AFMx), 2016 WL 11745513, at *5-6 (C.D. Cal. Feb. 4, 2016) (holding that under the Ninth Circuit's jurisprudence plaintiff's interests in keeping his recently expunged

3

1  criminal record out of the public eye did not outweigh the public interest in viewing the court filings
2  in their entirety). For these reasons, the Court denies Plaintiff's request to proceed anonymously,
3  and he must include his true name in the caption of any future pleading filed in this case.

4  However, the Court sees value in imposing a protective order to shield Plaintiff from publicly
5  linking his name to the credit report that is the subject of this lawsuit. *See Doe v. State of Alaska*,
6  122 F.3d 1070 (Table), 1997 WL 547941, at *1 (9th Cir. 1997). There is precedent for a court to
7  use its discretion to tailor a remedy that requires a plaintiff to reveal his name for the public record
8  but shields the personally identifiable information of that plaintiff. *U.S. Healthworks Inc.*, at *5
9  ("The Court finds the prejudice Defendant would stand to suffer if Plaintiff is permitted to proceed
10 under a pseudonym to be minimal at this juncture. Plaintiff's counsel has sworn that Plaintiff is fully
11 prepared to disclose his identity and other necessary private information to Defendant's coun[sel]
12 under a protective order."); *Doe v. Rentgrow Inc.*, Civil Action No. 23-10572-NMG, 2023 WL
13 4354000, at *2 (July 5, 2023 D. Mass.) ("The plaintiff will not be allowed to proceed anonymously
14 but, pursuant to a protective order, will be allowed to redact sensitive information in pleadings filed
15 in open court."). Therefore, in all pleadings filed in this case going forward, the parties must seal
16 and redact any reference to personally identifiable information relating to Plaintiff, particularly
17 matters concerning his expunged record from New Jersey.[1]

18 **III.   ORDER**

19 IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to Proceed Under a Pseudonym
20 or, in the Alternative, for Entry of a Protective Order (ECF No. 4) is GRANTED in part and DENIED
21 in part.

22 IT IS FURTHER ORDERED that Plaintiff's request to proceed pseudonymously is denied.

23 IT IS FURTHER ORDERED that hereinafter all documents filed in this case on the publicly
24 available docket must redact that portion of the filing referencing Plaintiff's expunged record. A

---

[1] The Court notes that through Plaintiff's multiple filings—all unsealed—he has effectively made the relief he seeks less compelling. The instant Motion and the Reply all reference the very information Plaintiff wants out of the public eye. While the Court imposes a protective order going forward, the Court does so despite Plaintiff's failure to protect that record in the foregoing proceedings.

4

copy of the unredacted document must be filed under seal. The sealed version of the document must be served on the opposing party.

DATED THIS 3rd day of August, 2023.

                                                ELAYNA J. YOUCHAH
                                                UNITED STATES MAGISTRATE JUDGE