1  Michael Yancey, NV #16158
   Consumer Attorneys
2  2300 West Sahara Ave. Suite 800
   Las Vegas, NV 89102
3  8245 N. 85th Way
   Scottsdale, AZ 85258
4  E: myancey@consumerattorneys.com
   T: (480) 573-9272
5  F: (718) 715-1750

6  *Attorney for Plaintiff*
   *John Doe*

7  **IN THE UNITED STATES DISTRICT COURT**
   **FOR THE DISTRICT OF NEVADA**
8

9  JOHN DOE,                          Case No.: 2:23-cv-00860-ART-EJY

10             Plaintiff,

11 v.                                 **JOINT ~~PROPOSED~~ DISCOVERY**
                                      **PLAN AND SCHEDULING ORDER**
12 RENTGROW, INC.,
                                      **SUBMITTED IN COMPLIANCE**
               Defendant.             **WITH LR26-1(b)**
13

14

15

16      Plaintiff John Doe ("Plaintiff" or "Mr. Doe") and Defendant RentGrow, Inc.

17 ("Defendant" or "RentgGrow") (together, the Parties"), by and through their counsel of

18 record, hereby submit their Joint Proposed Discovery Plan Scheduling Order pursuant to

19 Federal Rule of Civil Procedure 16 and 26, as well as LR II 26-1. It is hereby requested

20 that the Court enter the following discovery plan and scheduling order.

1

Pursuant to Fed. R. Civ. P. 26(f) and LR 26-1(a), a telephonic meeting was held on **August 16, 2023**.

I. Whether the Parties have exchanged initial disclosure statements under Rule 26(a)

The Parties have not exchanged initial disclosures. The Parties have agreed to exchange initial disclosures no later than **August 30, 2023**, fourteen (14) days after the Fed. R. Civ. P. 26(f) conference.

II. **Discovery Cut-Off Date**

Discovery will take 180 days, measured from the appearance of the first Defendant, which was on **July 19, 2023**. (Doc. 8) The discovery cut-off date, therefore, will be **January 15, 2024.**

III. **Amending the Pleadings and Adding Parties**

Pursuant to LR 26-1(b)(2), the deadline for filing motions to amend the pleadings or to add parties is **90 days** before the close of discovery, therefore the deadline will be **October 16, 2023**.

IV. **Fed. R. Civ. P. 26(a)(2) Disclosures (Experts)**

Pursuant to LR 26-1(b)(3), unless the discovery plan otherwise provides and the court so orders, the deadlines in Fed. R. Civ. P. 26(a)(2)(D) for expert disclosures are modified to require that the disclosures be made **60 days** before the discovery cut-off date and that rebuttal-expert disclosures be made **30 days** after the initial disclosure of experts.

Therefore, expert disclosures deadline will be **November 15, 2023**.

Rebuttal expert disclosures deadline will be **December 15, 2023**.

### V. Dispositive Motions

Pursuant to LR 26-1(b)(4), unless the discovery plan otherwise provides and the court so orders, the deadline for filing dispositive motions is **30 days** after the discovery cut-off date.

Therefore, the deadline for filing dispositive motions is **February 13, 2024**.

### VI. Pretrial Order

Pursuant to LR 26-1(b)(5), unless the discovery plan otherwise provides and the court so orders, the deadline for the joint pretrial order is **30 days** after the dispositive-motion deadline.

If no dispositive motions are filed, the deadline for the joint pretrial order, Fed. R. Civ. P. 26(a)(3) disclosures, and any objections to them is **March 14, 2024**.

If dispositive motions are filed, the deadline for filing the joint pretrial order, Fed. R. Civ. P. 26(a)(3) disclosures, and any objections to them will be suspended until **30 days** after decision on the dispositive motions or further court order.

### VII. Fed. R. Civ. P. 26(a)(3) Disclosures

In accordance with LR 26-1(b)(6), the disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections to them must be included in the joint pretrial order.

If dispositive motions are filed, the deadline for filing the joint pretrial order, Fed. R. Civ. P. 26(a)(3) disclosures, and any objections to them will be suspended until **30 days** after decision on the dispositive motions or further court order.

### VIII. Alternative Dispute Resolution

The parties certify that they met and conferred about the possibility of using

3

alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation, but have not come to any agreement at this time.

The assistance of a magistrate judge in facilitating a settlement conference after the Parties engage in initial discovery may be useful. Other than that, the Parties do not believe that this case is suitable for reference to arbitration or early neutral evaluation.

### IX.     Alternative Forms of Case Disposition

The parties further certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01).

The parties do not consent to trial by a Magistrate Judge.

The parties do not consent to the use of the Short Trial Program (General Order 2013-01).

### X.     Electronically Stored Information ("ESI") and Electronic Evidence

The parties certify that they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The parties will consult the court's website or contact the assigned judge's courtroom administrator for instructions about how to prepare evidence in an electronic format and other requirements for the court's electronic jury evidence display system.

The parties have discussed the retention and production of electronic data. Subject to the entry of a stipulated protective order limiting the use of any information discovered throughout this course of this action, the parties agree to produce ESI in PDF format, and to the extent possible, in searchable PDF format. The parties agree that service of discovery

via electronic means, including electronic files copied to compact disc, pursuant to Fed. R. Civ. 5(b), is sufficient, and the parties retain the right to serve by mail and receive three additional days for mailing provided for in Fed. R. Civ. P. 6(d). The parties reserve the right to revisit this issue if a dispute or need arises. The parties further intend to present evidence in electronic format to jurors for the purposes of jury deliberations. To the extent discovery requests are served on a Saturday, Sunday, or legal holiday, service will be deemed effective on the next day that is not a Saturday, Sunday, or legal holiday.

**XI.    Protection of Privileged/Trial Preparation Material:**

If a party discovers it has inadvertently disclosed privileged or trial preparation material, it agrees to notify the opposing party in writing within 30 days of the discovery that such document(s) have been disclosed, which written notification will set forth the basis for the claim that the items disclosed are privileged or trial preparation material. If the party receiving the disclosure agrees that the inadvertently produced items are privileged or trial preparation material, it will return all such items to the producing party without the retention of any copies.

If the receiving party disputes that the items are privileged or trial preparation materials, it will within 30 days of written notification of the inadvertent disclosure, present the disputed items inadvertently disclosed to the court under seal for a decision with respect thereto (without the retention of copies), including with such submission the producing party's written notification and any statement the receiving party wishes to make in support of its position that the items are not privileged or trial preparation material. If the receiving party disclosed the inadvertently produced privileged or trial preparation materials before

being notified of the inadvertent disclosure, it will take reasonable steps to retrieve the materials pending resolution of the matter.

### XII. Electronic Service of Discovery

The Parties agree that pursuant to Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure, the exchange of pleadings and other papers, including discovery requests, responses, and ESI, shall be in PDF format, and served via email or a secure file transfer protocol, rather than US Mail. All documents served electronically will be deemed as if served by mail.

The parties also agree, upon request, to promptly (no later than the second business day after the day of service) provide the sending party with confirmation of receipt of the service by email. The format to be used for attachments to any email message shall be Adobe Acrobat (.pdf). The parties agree to serve their written discovery requests in both Microsoft Word (.docx) and Adobe Acrobat (.pdf) format. If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means, including mail service.

 The parties will determine the manner of depositions based on the circumstances prevailing when the parties confer to schedule depositions.

### XIII. Extension of Discovery Deadline

LR 26-3 governs modifications or extensions to this discovery plan and scheduling order.

6

**IT IS SO ORDERED:**

_____
**UNITED STATES MAGISTRATE JUDGE**

**DATED:** September 5, 2023

Respectfully submitted this 1st day of September 2023,

<u>/s/Michael Yancey</u>
Michael Yancey, NV #16158
Consumer Attorneys
2300 West Sahara Ave. Suite 800
Las Vegas, NV 89102
8245 N. 85th Way
Scottsdale, AZ 85258
E: myancey@consumerattorneys.com
T: (480) 573-9272
F: (718) 715-1750

*Attorney for Plaintiff*
*John Doe*

<u>/s/ Joseph G. Went</u>
Joseph G. Went, Bar No. 9220
Sydney R. Gambee, Bar No. 14201
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: (702) 222-2539
Fax: (702) 669-4650
jgwent@hollandhart.com
srgambee@hollandhart.com

*Attorneys for Defendant*
*RentGrow, Inc.*