Michael Yancey, NV #16158
**CONSUMER ATTORNEYS**
2300 West Sahara Ave. Suite 800
Las Vegas, NV 89102
E: myancey@consumerattorneys.com
T: (480) 573-9272
F: (718) 715-1750

James Ristvedt
*admitted pro hac vice*
**CONSUMER ATTORNEYS**
8245 North 85th Way
Scottsdale, AZ 85258
E: jristvedt@consumerattorneys.com
T: (480) 626-1956
F: (718) 715-1750

*Attorneys for Plaintiff Shawn Swilley*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| SHAWN SWILLEY, | Case No.: 2:23-cv-00860-ART-EJY |
| Plaintiff, | |
| v. | **STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES** |
| RENTGROW, INC.; and CLEARA, LLC, | **(FIFTH REQUEST)** |
| Defendants. | |

Plaintiff Shawn Swilley ("Plaintiff") and Defendant Cleara, LLC ("Cleara") (together, the "Parties"), through each Parties' counsel of record, hereby file this

1

Stipulation and Order to Extend Discovery Deadlines (Fifth Request) (the "Motion"). This Motion is filed in accordance with LR 26-3 and LR IA 6-1 and 6-2. For the reasons set forth below, the Parties respectfully request this Court extend the current discovery deadlines by sixty (60) days. This is the fifth motion to extend the discovery deadlines. However, as detailed herein, this request is being made as a result of unforeseen circumstances, specifically relating to health issues for Cleara's corporate representative witness which have necessitated rescheduling Cleara's deposition on two occasions.

## I.     DISCOVERY COMPLETED TO DATE

1. For the sake of brevity, the Parties have omitted the details preceding April 12, 2024, which have been covered in other motions before the Court.

2. On April 12, 2024, the parties attended a discovery hearing, at which time the Court extended the discovery deadlines by an additional sixty (60) days.

3. On April 18, 2024, Plaintiff served his Third Amended Notice of Deposition for Cleara's FRCP 30(b)(6) representative. The deposition was noticed to take place on May 7, 2024.

4. On May 3, 2024, Plaintiff served his Fourth Amended Notice of Deposition for Cleara's FRCP 30(b)(6) representative. The deposition was noticed to take place on May 14, 2024.

2

5.      On May 7, 2023, Cleara served its First Supplement to Initial Disclosure Statement Pursuant to Fed. R. Civ. P. 26(a)(1).

6.      On May 23, 2024, Plaintiff served his Fifth Amended Notice of Deposition for Cleara's FRCP 30(b)(6) representative. The deposition was noticed to take place on June 11, 2024.

## II.   DISCOVERY TO BE COMPLETED

1.      The deposition of Defendant Cleara, LLC's FRCP 30(b)(6) representative.

2.      Additional written discovery.

3.      Initial expert disclosures.

4.      Rebuttal expert disclosures.

5.      Expert depositions.

## III.  REASONS WHY DISCOVERY WAS NOT COMPLETED WITHIN TIME LIMITS AND NEED FOR DISCOVERY TO BE EXTENDED

This is the third joint motion to extend discovery deadlines and the fifth request overall. Since discovery in this matter commenced, the Parties have diligently engaged in conducting all necessary discovery. The parties have all propounded to and responded to initial rounds of written discovery and have also successfully completed the depositions of both Plaintiff and RentGrow's FRCP 30(b)(6) representative.

     Unfortunately, the parties have been unable to complete the deposition of Cleara's FRCP 30(b)(6) representative. On May 13, 2024, Cleara's counsel notified counsel for Plaintiff and RentGrow that Cleara's representative had fallen ill and was unable to attend the deposition noticed for the following day, May 14, 2024. Plaintiff's counsel re-noticed the deposition for June 11, 2024. On May 24, 2024, counsel for Cleara confirmed that the Cleara representative was available for their deposition on June 11, 2024. On June 7, 2024, counsel for Cleara informed Plaintiff's counsel that Cleara's representative had been admitted to the hospital and did not anticipate the corporate representative being discharged and/or available by June 11, 2024. On June 10, 2024, Cleara's counsel confirmed that Cleara's representative was still in the hospital and would be unable to attend his deposition.

     The parties have continued to work together and have attempted to reschedule this deposition more than once, however, the condition of Cleara's representative has recently worsened, and they have since been admitted to hospital for continued medical care. The parties are in agreement that the deposition of Cleara's representative needs to go forward before initial expert disclosures can be made, and are continuing to work together to try and facilitate rescheduling the deposition once the representative's medical status has been confirmed. The Parties are currently in the process of confirming a date that is amenable for Cleara's corporate representative, including potentially splitting the deposition over a period of multiple

days in order for Cleara's corporate representative to be able to comfortably complete any necessary examination. The Parties have also continued to discuss possible resolution during this time as well.

The additional time requested is not for the purpose of hindrance or delay, but rather, to ensure that the parties have a reasonable opportunity to conduct the remaining party deposition in this case, as well as to allow for their experts to consider that testimony before authoring any written reports. As a general statement, the parties are all in agreement that retained experts request at least one month in order to properly research, draft, and finalize any such expert report, meaning a deposition would need to occur at least 30 days – though preferably, at least 45 days – before the deadline for initial expert disclosures. Therefore, despite the diligence on the part of the Parties in completing necessary discovery, the Parties anticipate that without the additional time being requested, that compliance with the existing expert disclosure deadlines will not be practicable and may harm the Parties' abilities to adequately support their claim(s) and/or defense(s). The Parties are not requesting any extension of any deadlines that have already passed.

## IV. PROPOSED SCHEDULE FOR COMPLETING DISCOVERY

| EVENT | EXISTING DEADLINE | PROPOSED NEW DEADLINE |
|---|---|---|
| Last Day to File Motion to Amend Pleadings/Add Parties | **CLOSED** | **CLOSED** |
| Initial Expert Disclosures | **August 29, 2024** | **October 28, 2024** |
| Rebuttal Expert Disclosures | **October 14, 2024** | **December 13, 2024** |
| Completion of Discovery | **November 28, 2024** | **January 27, 2025** |
| Dispositive Motions | **January 13, 2025** | **March 14, 2025** |

WHEREFORE, the Parties respectfully request that the Court extend the current discovery deadlines by sixty (60) days.

//

Respectfully submitted July 25, 2024.

*/s/ James Ristvedt*
James Ristvedt
*admitted pro hac vice*
**CONSUMER ATTORNEYS**
8245 North 85th Way
Scottsdale, AZ 85258
E: jristvedt@consumerattorneys.com
T: (480) 626-1956
F: (718) 715-1750

*/s/ Michael Yancey*
Michael Yancey, NV #16158
**CONSUMER ATTORNEYS**
2300 West Sahara Ave. Suite 800
Las Vegas, NV 89102
E: myancey@consumerattorneys.com
T: (480) 573-9272
F: (718) 715-1750

*Attorney for Plaintiff Shawn Swilley*

*/s/ Jonathan A. Rich*
Jan K. Tomasik, NV #15104
Jonathan A. Rich, NV #15312
**COZEN O'CONNOR**
500 North Rainbow Blvd., Suite 300
Las Vegas, NV 89107
Email: JTomasik@cozen.com
Email: JARich@cozen.com
T: (702) 470-2330
F: (702) 470-2370

*Attorneys for Defendant Cleara, LLC*

## **ORDER**

**IT IS SO ORDERED; provided, however, no further extensions will be granted absent unforeseen circumstances.**

Dated: July 25, 2024

_____
HONORABLE ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

7